IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JEROME BOWEN,<br><br>Petitioner,<br><br>v.<br><br>W.J. SULLIVAN,<br><br>Respondent. | No. 2:20-CV-00316-JAM-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Instead of a determination of whether his detention is lawful, however, Petitioner challenges the imposition of restitution as a result of his criminal conviction. ECF No. 1 at 5. Pending before the Court is Respondent's motion to dismiss. ECF No. 9. Respondent contends that the petition is untimely and, alternatively, that Petitioner fails to state a cognizable claim for a habeas relief because he does not challenge his custody. Id. at 3–5. The Court concludes that Petitioner fails to state a cognizable claim for habeas corpus and recommends granting the motion to dismiss.

///

///

///

///

1

# I. BACKGROUND

**A. State Court Proceedings:**

A jury convicted Petitioner of physically abusing the mother of his child, tampering with a utility line, and violating a court order. See ECF No. 11-2 at 1. The jury found for two great bodily injury enhancements stemming from Petitioner's prior felony convictions. Id.; see ECF No. 11-12 at 1. Petitioner also pled guilty to various drug offenses. ECF No. 11-2 at 1–2. The trial court sentenced Petitioner to an aggregate, definite term of twenty-three years and eight months in state prison. Id. at 2. Petitioner's sentence included a five-year enhancement based on the jury's finding for Petitioner's prior conviction, as well as other enhancements. Id.; see ECF No. 11-12 at 1–2. The trial court also imposed a restitution fine of $4,400 and an order of restitution of $1,785 payable to the California Crime Victims and Government Compensation Board.[1] ECF No. 11-1 at 2.

Petitioner appealed his sentence to the California Court of Appeal. Id. The Court of Appeal affirmed. Id. The Supreme Court of California denied review.[2] ECF No. 11-4.

Petitioner has since filed six petitions for writs of habeas corpus in California state court.[3] See ECF Nos. 11-5, 11-7, 11-9, 11-11, 11-13, 11-15. He also filed various motions with the trial court requesting stays of the restitution fines, which were all denied. See ECF No. 1 at 30. Petitioner filed his first petition with the Shasta County Superior Court on October 3, 2018. ECF No. 11-5 at 7. He contended that the trial court erred in denying substitute counsel because his counsel had a conflict of interest, and that both his trial and appellate counsel were ineffective. Id. at 3–4. The Superior Court denied the petition. ECF No. 11-6 at 4.

Petitioner filed a subsequent petition for a writ of habeas corpus to the California Court of Appeal on October 27, 2019. ECF No. 11-7 at 14. He challenged the trial court's imposition of restitution as part of his criminal penalty. Id. at 4–11. Petitioner's argument, at its core, centered on his contention that the trial court unconstitutionally imposed restitution without

---

[1] The trial court also imposed a laboratory fee, as well as an additional $4,400 parole revocation restitution fine. ECF No. 1 at 30. The court stayed the parole-related fine pending Petitioner's successful completion of parole. Id.

[2] The Supreme Court of California denied review without prejudice to relief to which Petitioner may have been entitled following the United States Supreme Court's decision in the then-pending case of Cunningham v. California, 549 U.S. 270 (2007). ECF No. 11-4.

[3] Because Petitioner proceeds pro se, he receives the benefit of the mailbox rule. See, e.g., Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014).

1 holding a hearing on his ability to pay. See id. The Court of Appeal denied the petition without comment. ECF No. 11-8.

After the Court of Appeal denied his second petition, Petitioner filed a third petition in the Supreme Court of California on November 16, 2019. ECF No. 11-9 at 13. He again challenged the trial court's imposition of restitution. Id. The Supreme Court denied the petition. ECF No. 11-10.

Petitioner returned to the Shasta County Superior Court and filed a fourth petition on December 31, 2019. ECF No. 11-11 at 5. Petitioner challenged imposition of the five-year enhancement for a prior serious felony conviction. Id. at 3; ECF No. 11-12 at 2. The court denied the petition on substantive and procedural grounds on February 18, 2020. ECF No. 11-12 at 1–3.

While his December 31, 2019 motion was pending before the Superior Court, Petitioner filed a fifth petition for habeas relief in the Supreme Court of California on January 5, 2020. ECF No. 11-13 at 4. He attacked the sealing of various court records. Id. at 3. The Supreme Court denied the petition. ECF No, 11-14. The Court did not comment other than to cite *In re Robbins* (1998) 18 Cal. 4th. 770, 780 (courts will not entertain untimely habeas petitions) and *In re Clark*, (1993) 5 Cal. 4th 750, 767–769 (courts will not entertain successive habeas petitions). Id.

Finally, Petitioner filed a sixth petition in the California Court of Appeal on February 26, 2020. ECF No. 11-15 at 9. He again challenged the five-year enhancement that he attacked in the Shasta County Superior Court. Id. at 3. The Court of Appeal denied the petition without further comment. ECF No. 11-16.

**B. Present Federal Petition:**

Petitioner filed this petition on January 23, 2020. ECF No. 1 at 15. He challenges the trial court's order of restitution fines. Id. at 5. Specifically, Petitioner theorizes that the trial court's order of restitution fines is unconstitutional under the California Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the court did not hold a hearing on Petitioner's ability to pay the fines. Id. at 5, 17–22.

///

///

## II. DISCUSSION

Petitioner challenges the order of restitution as part of his criminal conviction. ECF No. 1 at 5. He seeks a stay or vacatur of the restitution fine. Id. at 21–22. Respondent moves for the Court to dismiss the petition, arguing that is untimely and that Petitioner fails to state a cognizable claim for habeas relief. ECF No. 9 at 3–5. In pertinent part, Respondent specifically argues that prisoners must demonstrate they are in custody to obtain habeas relief. Id. at 4. Moreover, Respondent argues, a habeas petition must assert the right to be released. Id. Because Petitioner challenges a non-custodial issue and does not assert the right to be released, Respondent argues that Petitioner fails to state a habeas claim and that the petition must be dismissed. Id. at 4–5. Because Petitioner challenges only the restitution aspect of his sentence, the Court concludes that Petitioner does not state a habeas claim and that the Court lacks jurisdiction to consider his petition.

### A. Petitioner Fails to State a Cognizable Claim for Habeas Relief:

A petition for a writ of habeas corpus is the vehicle through which prisoners may attack the fact or duration of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484, 489–90 (1973); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Habeas corpus has traditionally been limited to those challenges. E.g., Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979). If a prisoner is not seeking immediate or speedier release from confinement, habeas corpus is not the appropriate remedy. See id.; see also Martin v. City of Boise, 920 F.3d 584, 611 (9th Cir. 2019); Nettles, 830 F.3d at 927; Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003). If a prisoner, for example, wishes to challenge—or pursue damages related to—*conditions* of their confinement that do not implicate the validity of their incarceration, the appropriate mechanism is a civil rights action such as those under 42 U.S.C. § 1983. E.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Ramirez, 334 F.3d at 855; see Nettles, 839 F.3d at 927.

Moreover, under 28 U.S.C. § 2254, the federal writ of habeas corpus is statutorily available only to individuals in custody at the time that they file their petition and who allege that they are in custody in violation of the U.S. Constitution or laws or treaties of the United States. See Bailey v. Hill, 599 F.3d 976, 978–79 (9th Cir. 2010); see also 28 U.S.C. § 2254(a). The custody requirement is thus effectively twofold. See Bailey, 599 F.3d at 978–79. First, federal courts lack

jurisdiction over habeas petitions unless a petitioner is under the restraint of the conviction being attacked at the time filing.[4] Id. Secondly, the petitioner must contend that they are in custody in violation of the Constitution or other federal law. Id. at 979.

Petitioner is incarcerated in California state prison and was so incarcerated when he filed this petition. See ECF No. 1 at 1. The first "in custody" requirement is satisfied. See Bailey, 599 F.3d at 978–79. The relevant focus here is thus whether Petitioner sufficiently contends that his custody offends the Constitution or federal law. The Court concludes that he does not.

The United States Court of Appeals for the Ninth Circuit has emphasized that the imposition of a fine, in and of itself, is not sufficient to trigger § 2254's jurisdictional requirements. Id. at 979. Restitution is more a collateral consequence of conviction than a limitation on liberty. See id. A petitioner's liability under restitution is like a conviction where only a fine is imposed and is not a severe enough restraint on liberty to justify habeas relief. Id. Nor is physical custody *plus* liability for restitution sufficient to establish habeas jurisdiction. Id. at 979–80. Physical custody alone is insufficient. Id. at 980. The "in custody" requirement entails a nexus between a petitioner's claim and the alleged unlawful nature of their custody. Id. Petitioners must show that their custody offends federal law. Id. A petitioner cannot, in effect, say that their actual custody is permissible but that they are entitled to relief under habeas corpus from a restitution order. Id.

Petitioner does not challenge the fact or duration of his confinement. See ECF No. 1 at 5, 17–22. He does not seek an immediate or more expedient release from prison. See id. Petitioner challenges the imposition of a restitution fine as a consequence of his conviction. See id. He does not, in other words, allege that he is in custody in violation of the Constitution or federal law. See Bailey, 599 F.3d 978–80. A writ of habeas corpus is accordingly not the appropriate remedy and Petitioner fails to state any claim for habeas relief. See id.; see also, e.g., Muhammad v. Close, 540 U.S. 749, 750 (2004); Nettles, 839 F.3d at 927; Ramirez, 334 F.3d at 855. The Court, moreover, lacks jurisdiction to entertain Petitioner's petition. See Bailey, 599 F.3d 978–80

---

[4] Physical custody such as incarceration is not itself required, and other restraints may satisfy the first custodial requirement. See Bailey, 599 F.3d at 978–79. The question is whether there is a sufficient restraint on an individual's liberty such that they may be considered "in custody." See id. at 979. Conditions on liberty such as parole may constitute a sufficient restraint to render a person "in custody." E.g., Maleng v. Cook, 490 U.S. 488, 491 (1989).

**B. The Timeliness of Petitioner's Habeas Petition is Moot:**

AEDPA imposes strict time limitations on challenges to state court convictions. See 28 U.S.C. § 2244(d)(1)(A). Prisoners have one year from the date on which the judgment incarcerating them becomes final to file a habeas petition. Id. Because Petitioner does not state a cognizable claim for habeas relief, however, the consideration of timeliness is moot.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 9) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 4, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE